Good morning, Your Honors, and may it please the Court, my name is Graham Phillips and I represent the petitioner Hector Bravo-Cocco. If I may, I'd like to reserve two minutes for rebuttal. Bravo-Cocco has lived in this country continuously Can I ask you one thing? As I understand it, you're pro bono, right? That's right, Your Honor. I want to thank you for your participation in our pro bono program. Thank you for giving Mr. Bravo-Cocco the opportunity to be represented here. Bravo-Cocco has lived in this country continuously for many years, and his removal would present a substantial hardship to his elderly mother. He therefore sought cancellation of removal, and in doing so, submitted letters from numerous individuals attesting to his good moral character. Neither the immigration judge nor the Board of Immigration Appeals, however, gave weight to that evidence, holding instead that his history of incarceration conclusively rendered him ineligible for relief. But that determination rests on legal errors and should be vacated. At the very least, a remand for further explanation is required, and that is so because Bravo-Cocco clearly argued in his submission to the BIA that one of his California convictions should not be counted for these purposes, but the Board completely ignored that argument. Under this Court's precedence, that alone is enough to require a remand. But this Court should also address a more fundamental error in the Board's decision, one that can have an impact on many cases, namely the Board's conclusion that Bravo-Cocco had the burden to prove that he had not been confined for 180 days or more in the past decade. Counsel, doesn't the petitioner in this type of case bear the burden of proof? Since when does the government have it? Your Honor, he has a burden of proof, and it's specified in the statute. 8 U.S.C. 1229A says that he has, quote, the burden of proof to establish that the alien satisfies the applicable eligibility requirements, so that what he has the burden on is the eligibility requirements. And one of the eligibility requirements here is to show, quote, that he has been a person of good moral character during the past ten years. But the argument here is that that burden to prove that he does have good moral character is not equivalent to a burden to disprove that any of the disqualifying circumstances in 11- So what about, what is it, 8 CFR section 1240.8D, which says that if the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply. Yes, Your Honor. I guess there are maybe three points to make about that provision. One is that it applies to a sort of broader range of types of determinations than what is specifically at issue in this case. The second, as we note in our replies, that that regulation has actually long predated the statutory revisions to the INA that sort of speak directly to burden of proof. But then the sort of final point, and this is our main one, is that on our reading of the statute, that just is not a reasonable interpretation of the statutory scheme that the Board is entitled to adopt. Why is that, counsel? Well, I get your point, but where does the burden fall on the government to disprove certain things? Your client has to show why he's entitled to relief, basically. And there are certain elements of relief, as my colleague has pointed out. One of those is to show that he's of good moral character. One element of that is that he has not been incarcerated for more than 180 days. How does he not have the burden? Well, I think we dispute the characterization of that, Your Honor, as one of the elements of good moral character. I think it is better conceived, and I think this is the best way to sort of understand our argument here, is that those disqualifying circumstances are best conceived of as affirmative defenses that defeat anything that might otherwise be a perfectly valid showing of good moral character. But, counsel, if you have the burden to show that your client has good moral character and one of those elements to make that showing is that you've not been incarcerated for more than 180 days, how can it be otherwise than that your client has that burden? It's an element, is it not, of good moral character? Right. I don't think it's an element. I mean, for one thing — Why not? — does not define good moral character as it is the existence or nonexistence of this, that, or the other. Those disqualifying circumstances are circumstances which, if shown, preclude the agency from finding or regarding someone as good moral character, but they are not — the statute doesn't set them out as being the essence of good moral character, and I don't think they sort of naturally are. Are the facts here in dispute on the 180 days, or just the legal question of what effect should be given to expungements or things like that? And if it's just the latter, it doesn't matter who has the burden of proof, right? If the facts, as a matter of law, show X, it's X, and if they show Y, it's Y. Well, just first I'd like to emphasize the first point you made, Judge Rakoff, that there is the issue where we are disputing particular days, sort of our second issue. But do you dispute them because of questions of law, like whether expungements should matter or whether pre-conviction incarceration should matter? Because those are questions of law, not really questions about what happened in the world. That's right, Your Honor. I think the point — and I understand the question sort of what difference does it make. And I think here I would stress very heavily the Chenery principle, the notion that the agency's decision has to be upheld, if at all, based on the rationale the agency gave. And I think it's important that here the agency framed its decision in terms of whether he had met his burden of proof. So I think if this Court were to agree with us that the agency was wrong about the nature of where the burden is, then that alone would justify a remand for reconsideration. But it would just be futile, right? Why would we do that if it's really clear that it doesn't make any difference? Well, I'm not sure that it is so clear. I mean, this is not a case where the agency treated it as though it mattered to its thinking. And so I think, especially, again, given as we have another argument of why there needs to be a remand anyways, I think it would be valuable for this Court to address that issue and let the agency address it in the first instance. And it may well be that the agency thinks it comes to the same conclusion, but we still think a remand is in order. Let's assume, arguendo, that your client has the burden of proof. Speak to us about the 180 days. I know you take certain positions as to why you think he was not incarcerated for 180 days, including the expungement issue. Will you address that, please? I'm sorry, Your Honor. I'm not sure I can quite. Your Honor, you claim your client has not served 180 days of incarceration based on certain things that you've alleged, such as that basically things that occurred before he was convicted don't count, for example. That's sort of an argument. Do you have any argument that you want to make about whether 180 days was served? Assuming for a moment that your client has the burden to show that he's of good moral character and that the incarceration issue and the burden of proof issue goes against you? Not apart from the arguments we make in our brief. All right. So we should just rely on your brief then? Yes, Your Honor. Maybe I'll briefly turn to that second issue about the – Do you want to save any of your time? Oh, I'm sorry. I apologize. It's up to you. I'd like to reserve the rest of my time. Okay, great. Thank you. Okay. Thank you. Good morning. Good morning, Your Honors. May it please the Court, Raya Jarawan representing the respondent, the Attorney General. Your Honors, this case boils down to two clear-cut and simple issues. First, an unambiguous record of convictions resulting in significant periods of confinement, which precluded Mr. Bravo Coco's eligibility for cancellation of removal, and controlling case law and relevant regulations that foreclosed Mr. Bravo Coco's arguments, supporting his eligibility for relief. Accordingly, substantial evidence supports the agency's denial of his application for cancellation of removal on account of, at minimum, his 183 days in his detention as a result of his criminal convictions. As an initial matter, the government's position remains, as described in the answering brief, that this Court does lack jurisdiction to review certain issues presented in the opening brief that were not exhausted before the Board, despite the liberal construction or interpretation afforded to pro se petitioners. However, even assuming exhaustion, Mr. Bravo Coco's arguments do not support granting this position, as Your Honors have just discussed. For the burden of proof, it is well settled that an applicant for relief from removal has the burden of proving his eligibility for that relief, and counsel's arguments in the opening brief do not address that well-settled case law, that the burden is on the alien to establish that he has satisfied that applicable eligibility requirement for good moral character. It does not make logical sense for the petitioner to have to prove good moral character but not prove that those bars do not apply to him. One example would be the persecutor bar, in which the asylum applicant must prove that he is not barred by that particular regulation. The regulation that Your Honors have described is squarely on point. That states under 8 CFR 1240 that if evidence indicates that one or more of the grounds of mandatory denial of the application for relief may apply, the alien shall have the burden of proving by preponderance of the evidence that such grounds do not apply. And in this case, the record has raised numerous red flags as discussed by the agency, leading the agency to believe that those grounds apply and that he is barred from cancellation. I don't understand your jurisdictional bar argument. With respect to the burden of proof, the BIA specifically made a finding that the burden was on him. So you're saying we can't review that if he had not specifically in advance challenged that? No, Your Honor, my argument is that the board generally does discuss the overall statutory scheme before going into an analysis of the case and reviewing the IJ's decision for clear error. But there was no specific challenge as to the allocation of the burden. So in the appeal brief that Mr. Bravo Coco submitted, he did not challenge the fact that he himself bore that burden. And thus, the board did not have an opportunity to address exactly why Mr. Bravo Coco held that burden as opposed to the government. But the board did generally state, as it always does, what the statutory scheme is. So if we had a criminal case in which the district court, without challenge, said the government bears the burden to prove guilt by a preponderance of the evidence, whereas, of course, the right burden would have been by proof beyond a reasonable doubt. We get that plain legal error and it wasn't challenged below. You're saying we say, okay, the guy goes to jail. Preponderance is enough because he didn't challenge. That can't be right, can it? I think that in this particular scenario, however, there is general challenges to a topic and more specific challenges. And the board was not put on notice that this was going to be the specific challenge at issue because it does implicate regulations and statutes and interpretations of those regulations that the board should have the first instance of reviewing. And for the petitioner to not explain what that specific error was, the board then no longer has the ability to correct it. So if there was a specific issue regarding that general statement about the burden of proof, the board has no reason to know that there is an issue with the burden of proof. The board is simply laying out its supporting legal authority before describing its analysis, which is the general normal course of procedure for the board. But if the board doesn't know that there's a specific error with the burden of proof, how is the board to know to correct it? It is, as your honors pointed out earlier, however, moot because the burden of proof here is not the real issue. The real issue is that there's very clear-cut evidence that he has been in confinement and does not have good moral character, and there is specific case law on point regarding all the other challenges that petitioner makes. So while the government would like to preserve the fact that the arguments in the brief remain the same, that we do feel that these issues have not been exhausted, we did discuss the alternative issues in our brief. You characterized it as the board just laying out the general standards, but I think the board did more than that because the board says that he did not meet his burden. I mean, it's not like they laid out a general standard of review section and then moved on. They used that in deciding this case. That's correct, your honor. And in our brief, we did, in an abundance of caution, discuss the merits of the burden of proof and discuss the fact that there are statutes and regulations and congressional intent as to who bears that burden. So in this case, it is not the central issue, but I do understand your honor's argument. However, again, as a general matter, the board cannot correct errors that it does not know exist or are being challenged. And so in this case, thankfully, there are no errors for the board to correct because the burden of proof remains with the petitioner, and that was correctly assessed in this case. In regards to the expungement issue, just briefly, although the board doesn't address expungement, and thus this court should not review that issue, the government's position in its brief remains the same, that the appeal brief simply says the words, this was dismissed in regards to convictions that Mr. Bravo Coco was convicted of. However, this was dismissed, again, is not specific enough for the board to know that California Penal Code 1203.4 is specifically implicated in any challenge. In fact, this was dismissed are three words that were used to describe multiple convictions in the appeal brief to the board, and thus the board had no idea that this was going to be an issue, and thus this court should not review that issue. But regardless, assuming exhaustion of that issue, the government's position remains, as discussed in its brief, that the case law on expungements and their immigration consequences is still controlling, and thus there should be no subtraction of those days resulting from that conviction from the overall 183-day total. One other question on jurisdiction, and I'm not sure about this, but I know some of the case law speaks of this as jurisdiction. It's not really a jurisdictional problem. It's really a waiver problem, isn't it? And we have jurisdiction over this case no matter what. It's a question of whether a particular argument can't be raised now because it was not raised below, and that's really an issue of waiver, even though some of the case law says it's jurisdiction. It's not really jurisdiction, is it? Well, I guess I would submit that they both go hand in hand. If the petitioner has discussed an issue to the board, and thus it is exhausted before the board, but he has not brought up that issue in his opening brief, then that issue has been waived. I think that's separate from an issue that was not brought before the board, therefore not exhausted, but then brought up in the opening brief, in which case this court does not have jurisdiction because before the board. Because of a failure to exhaust. Correct. Okay, now I see the distinction you're making. Yes. With respect to the confinement time pre-conviction, again, this was addressed in the government's brief, that if you are credited for pre-detention time, as it's categorized as time served, then it counts as confinement within the meaning of 1107F7, which is the good moral character provision, and that is discussed in Oregon Moreno v. McKesey. Again, at the core of this case, just to sum, even given the most generous benefit of the doubt regarding both the time spent in confinement and the issues exhausted before the board, this petition for review should be dismissed because Mr. Bravo Coco simply did not meet his burden of proof to show cancellation of removal. The record speaks for itself, and the case law forecloses any alternative outcome. Okay. Any questions from my colleagues? All right. Thank you. Thank you, Your Honors. Petitioner's counsel, you have a little rebuttal time. Thank you, Your Honors. I'll use this to address exhaustion, I think. I think on the burden of proof issue, I think the way, the best way to see that that issue is exhausted and is properly before the court is the fact that the BIA addressed it, considered and decided that issue here, and that is enough under this Court's precedence to exhaust the issue. But even if the Court thinks that there is great, there would be value in the BIA addressing the particular arguments in our brief in the first instance, I think it's within this Court's discretion to remand the case for that purpose. I think there are examples of this Court determining that an issue has been exhausted, but remanding to the BIA to address particular arguments in the first instance. And then with respect to the expungement issue, I think. Your client was pro se, yes, below? Yes, he was. With respect to the expungement issue, I think. How could he not know all the nuances of federal jurisdictional law? I'm shocked. Yes, I think his lack of familiarity or expertise in the English language was one such barrier. But even so, I think he clearly did enough to exhaust the issue of expungement. He clearly argued that his criminal history did not bar him from cancellation of removal, and then he walked through his various convictions, sort of annotating them, and with respect to the conviction at issue here, he said this was dismissed. But, counsel, don't Ramirez-Castro, doesn't that take care of your expungement argument and Arequin-Moreno take care of the counting of the pre-incarceration time period? It seems to me those are directly on point, and they foreclose your client's argument. Do they not? I can see that with respect to the pre-conviction incarceration, yes, that that case is squarely on point. It could only be challenged at the time. And what about Ramirez-Castro with respect to the effect of expungement on federal laws counting of that time? Right. I don't think that case is directly controlling. I understand why it might seem to help the government more than us. You'd rather have it than the government have it, right? You wish it were your way. I do. But I think it does address a different issue, and just I think I'm over time, but if I very briefly I think the distinction is that that is a case that deals with a particular INA provision that criminalizes a particular type of conduct, and for the reasons we explained in our brief, this provision is a different sort of provision. Okay. Thank you. Any other questions about my colleagues? Thanks to both counsel, and, again, thank you for your efforts as a pro bono. We really appreciate the efforts of the bar in representing the many people who desperately need that help in this area of law. So thank you both. The case just argued is
judges: M. Smith, Friedland, Rakoff